IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN KEITH LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-1247-JDT-egb |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2)
OR PAY THE $400 CIVIL FILING FEE

On September 14, 2016, Plaintiff John Keith Lawrence, who is incarcerated at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a civil complaint accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with

the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the six months immediately preceding the filing of the complaint. § 1915(a)(2).

In this case, the affidavit submitted by Plaintiff is not accompanied by a current certified copy of his trust account statement. Plaintiff has attached a certification of his trust account from when he was previously housed at the Bledsoe County Correctional Complex, but it is dated December 18, 2015. (ECF No. 2-3.) He has also attached two Inmate Request Forms that he recently submitted to the Trust Fund Clerk at the HCCF, requesting a copy of his trust account statement from that institution. However, the prison official responded to both requests by advising Plaintiff that he first needed to submit all of his paperwork, with his signature. (ECF Nos. 2-1 & 2-2.) Plaintiff apparently did not do so.

While the Court will not penalize Plaintiff for a prison official's failure to provide him with a trust account statement, it does not appear that he has yet made reasonable efforts to obtain the document. Therefore, Plaintiff should make a further attempt to obtain his trust account statement by complying with the Trust Fund Clerk's instructions.

Accordingly, Plaintiff is again ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee[1] or a copy of his trust account statement for

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Therefore, if Plaintiff is ultimately granted leave to proceed *in forma pauperis* in accordance with the PLRA, he will not be responsible for the additional $50 fee.

the last six months. If Plaintiff needs additional time to file the required document, he may request one 30-day extension of time from this Court. *McGore*, 114 F.3d at 605.

If Plaintiff timely submits the necessary document and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. *McGore*, 114 F.3d at 605.[2]

IT IS SO ORDERED.

                                           s/ **James D. Todd**
                                           JAMES D. TODD
                                           UNITED STATES DISTRICT JUDGE

---

[2] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).