IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOHN KEITH LAWRENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 16-1247-JDT-cgc |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING MOTION TO CERTIFY CLASS AND
DENYING MOTION TO APPOINT COUNSEL

On September 14, 2016, Plaintiff John Keith Lawrence, who is incarcerated at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff sues the Corrections Corporation of America (CCA), HCCF Warden Grady Perry, and several other HCCF officials.[1] He alleges that he has been denied adequate medical care for various serious medical conditions, some of which are chronic, in order that CCA can reduce costs and maximize profits. (*Id.* at 4-5.) Plaintiff seeks to bring the action on behalf of all similarly-situated prisoners at the HCCF who have been denied medical care. (*Id.* at 5.) He has filed both a motion for class certification (ECF No. 3) and a motion for appointment of counsel (ECF No. 4).

All prisoner cases are screened prior to service of process pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Therefore, a decision regarding whether to certify a class at this

---

[1] CCA is now known as CoreCivic. *See* www.corecivic.com.

stage of the proceeding would be premature. Accordingly, the motion for class certification is DENIED at this time.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted).

Again, appointment of counsel is not warranted at this stage of the litigation because the case is still undergoing screening. Therefore, the motion is DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE