IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHN KEITH LAWRENCE,

      Plaintiff,

v.                                   No. 1:16-cv-01247-JDB-cgc

CORRECTIONS CORPORATION OF AMERICA,
WARDEN GRADY PERRY, DONNELL PETERSON,
ASSISTANT WARDEN BYRON PONDS,
HEALTH ADMINISTRATOR FNU BORDEN,
DR. FNU DIETZ, and GRIEVANCE SGT.
L. BROWN,

      Defendants.

---

ORDER PARTIALLY DISMISSING COMPLAINT
AND DIRECTING THAT PROCESS BE ISSUED AND SERVED
ON DEFENDANT DIETZ

---

INTRODUCTION AND PROCEDURAL HISTORY

On September 14, 2016, the *pro se* Plaintiff, John Keith Lawrence, who at the time of

filing was incarcerated at the Hardeman County Correctional Facility ("HCCF") in Whiteville,

Tennessee, initiated this action pursuant to 42 U.S.C. § 1983 on behalf of himself and his fellow

prisoners at HCCF against Defendants, Corrections Corporation of America ("CCA"), Warden

Grady Perry, Tennessee Department of Correction ("TDOC") Contract Manager Donnell

Peterson, Assistant Warden for Operations Byron Ponds, Health Administrator Borden, Dr.

Dietz, and Grievance Sergeant L. Brown.[1]  (Docket Entry ("D.E.") 1).  He also moved for leave

---

[1]Initially, this matter was assigned to United States District Judge James D. Todd.  The
case was reassigned to the undersigned on February 28, 2018, pursuant to Administrative Order
2018-09.

to proceed *in forma pauperis* ("IFP") (D.E. 2), for certification of a class (D.E. 3), and for appointment of counsel (D.E. 4). IFP status was granted in an order entered October 17, 2016. (D.E. 8.) On September 21, 2017, the Court denied Plaintiff's motions for class certification and appointment of counsel. (D.E. 10.) The complaint is now before the Court for screening.

Prior to addressing the merits of Plaintiff's claims, however, the Court notes that CCA, according to its website, is now known as CoreCivic. *See* www.corecivic.com. The Clerk of Court is **DIRECTED** to update the docket to reflect the name change.

FACTS ALLEGED

Lawrence avers that, during a medical evaluation on October 26, 2015, at the Bledsoe County Correctional Complex in Pikeville, Tennessee, the TDOC intake and classification center, he advised the physician that he suffered from chronic back problems dating back to at least 2011. The doctor prescribed medication for pain and inflammation and instructed Plaintiff to obtain further testing and treatment for the condition, which was degenerative, from medical staff at his destination facility. He specifically informed Lawrence that diagnostic imaging would be necessary for proper treatment.

Shortly after his transfer to HCCF in April 2016, the inmate was examined by Dr. Dietz, who told him they did "not treat back pain here," refused to conduct any diagnostic imaging testing, and authorized a one-time-only thirty-day refill of his pain and anti-inflammatory medication. After his prescription ran out, Lawrence began signing up for the prison's sick call. His sick call appointments were conducted by nurses who, on six occasions prior to mid-August 2016, referred him to the facility's physician. During this period, he was assigned to a top bunk, which necessitated that he climb up onto and jump down from the bunk, aggravating his back condition each time he did so. Assignment to a bottom bunk required physician approval.

Lawrence alleges that the doctor refused to see him. On June 29, 2016, he filed a grievance concerning his inability to obtain medical care for his back and, on July 20, 2016, wrote to HCCF's grievance board requesting a status report on his complaint. Neither missive was met with a response. On July 24, 2016, he collapsed after leaping from the top bunk. Plaintiff maintains that he composed a letter on August 10, 2016, relative to his grievance, sending duplicates to, according to copies of United States Postal Service certified mail return receipts, Warden Perry; the director of operations of the Nashville, Tennessee, offices of CoreCivic; and the commissioner of TDOC.

## SCREENING STANDARD

Courts are required to screen prisoner complaints and dismiss a complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). To assess whether the complaint states a claim on which relief may be granted, the Court applies the pleadings standards under Federal Rule of Civil Procedure 12(b)(6) announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "To survive scrutiny under [§§ 1915(e)(2)(B) and 1915A(b)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Walton v. Gray*, 695 F. App'x 144, 145 (6th Cir. 2017) (per curiam) (quoting *Hill*, 630 F.3d at 471) (internal quotation marks omitted). "*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). That said, courts have not "been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Young Bok Song v. Gipson*,

423 F. App'x 506, 510 (6th Cir. 2011) ("declin[ing] to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants").

PLAINTIFF'S CLAIMS AND ANALYSIS

*Section 1983 Generally*

Section 1983 provides in pertinent part as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a claim under the statute, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Thornton v. City of Columbus*, ___ F. App'x ___, 2018 WL 1313419, at *4 (6th Cir. Mar. 14, 2018) (quoting *Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013)). The Court will address Plaintiff's § 1983 claims separately as to each Defendant or group of Defendants as it deems appropriate.

*CoreCivic*

"[P]rivate corporations performing traditional state functions, such as the provision of medical services to prison inmates, act under color of state law for purposes of § 1983." *Shadrick v. Hopkins Cty., Ky.*, 805 F.3d 724, 736 (6th Cir. 2015), *reh'g en banc denied* (Dec. 21, 2015). The Sixth Circuit has applied the standards for assessing municipal liability to claims against such entities. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011); *Thomas v. Coble*, 55 F. App'x 748, 748-49 (6th Cir. 2003). Municipal liability is imposed only where action pursuant to an official policy caused the plaintiff's injury. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Official policy encompasses the acts of "policymaking officials[] and

practices so persistent and widespread as to practically have the force of law." *Id.* at 61. "These are actions for which the [entity] is actually responsible." *Id.* (internal quotation marks omitted). Liability does not attach based solely on a theory of respondeat superior. *Braswell*, 419 F. App'x at 627. To prevail on a § 1983 claim against CoreCivic, the Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *See id.*

Lawrence submits only that this Defendant manages medical treatment to reduce costs and maximize profits. Such allegations fall short of establishing that it had an unconstitutional policy, that the policy was applied in the inmate's case, and that the policy was the "moving force" behind the denial of medical treatment. *See Ezell v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:11-0405, 2012 WL 2601940, at *8 (M.D. Tenn. June 6, 2012) ("Although the plaintiff speculates that medical care is denied to inmates by [private corporation defendant] for monetary, non-medical reasons, he provides no factual allegations supporting this speculation. . . . Further, the plaintiff has not set forth any factual allegations supporting the conclusion that any such policies were the moving force behind the alleged deficiencies in his own medical treatment as opposed to being the result of actions of individual actors."), *report & recommendation adopted*, 2012 WL 2601936 (M.D. Tenn. July 5, 2012); *see also Glover v. Corr. Corp. of Am.*, No. 16-1074-JDT-cgc, 2017 WL 1034725, at *5 (W.D. Tenn. Mar. 16, 2017) ("allegation that CCA is a for-profit corporation is insufficient to establish that it had an unconstitutional policy, that the policy was applied in [p]laintiff's case, and that the policy was a 'moving force' behind the denial of treatment."), *appeal dismissed*, 2018 WL 1633710 (6th Cir. Jan. 10, 2018). Lawrence's complaint, which contains factual allegations supporting only the conclusion that malfeasance on the part of an individual Defendant caused his injury as further

discussed below, has failed to state a claim against CoreCivic.  Accordingly, the claims against this Defendant are dismissed.

### Peterson, Ponds, and Borden

As alluded to in the previous section, "[§] 1983 liability must be premised on more than mere respondeat superior, the right to control one's employees." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claim under § 1983 against an individual requires that the plaintiff "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Williams v. Daley*, Civil Action No. 18-55-DLB, 2018 WL 1937339, at *2 (E.D. Ky. Apr. 24, 2018).  A supervisor may be liable if he "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Howard v. Knox Cty., Tenn.*, 695 F. App'x 107, 113 (6th Cir. 2017). Lawrence has made no allegations against these Defendants.  Thus, his claims against them are dismissed.

### Perry and Brown

Unlike Peterson, Ponds, and Borden, the complaint and its attachments contain references to acts involving Perry and Brown.  As noted above, Plaintiff alleges that he wrote a letter to Perry and others complaining of his inability to obtain medical treatment and his unsuccessful grievance filing.[2]  The stated purpose of the communication was to prove he had sought relief from the "highest levels possible."[3]  (D.E. 1 at PageID 5.)

With respect to Brown, the inmate attached to the complaint a copy of an undated TDOC form entitled "Inappropriate Grievance Notification" addressed to him and bearing the signature

---

[2]A copy of the letter was attached to the complaint.  (D.E. 1-3 at PageID 9-12.)

[3]There is no indication in the record that Lawrence received any response to this correspondence.

of a "Sgt. Brown" as grievance chairperson. (D.E. 1-4 at PageID 13.) The document reflects that a grievance submitted to the institution by the Plaintiff was returned as inappropriate because it addressed multiple issues in violation of TDOC grievance policy.

To the extent Plaintiff asserts claims against these Defendants for failing to investigate or take remedial action on a grievance or complaint, such contentions are insufficient to establish § 1983 liability. "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). Moreover, "a mere failure to act will not suffice to establish supervisory liability." *Howard*, 695 F. App'x at 113. Accordingly, Lawrence's claims against these Defendants are dismissed.

*Dr. Dietz*

"The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishment Clause of the Eighth Amendment, and is made applicable to convicted state prisoners . . . by the Due Process Clause of the Fourteenth Amendment." *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). A prisoner's rights are violated "when prison doctors or officials are deliberately indifferent to [his] serious medical needs." *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)).

Deliberate indifference claims are made up of objective and subjective components. *Newberry v. Melton*, ___ F. App'x ___, 2018 WL 1037412, at *3 (6th Cir. Feb. 23, 2018). The former calls for a showing that the "medical need at issue is sufficiently serious." *Richmond,* 885 F.3d at 938 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (internal quotation marks omitted). Therefore, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* (quoting *Farmer*, 511 U.S. at 834). "[A] medical

need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (citing *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004)) (emphasis omitted). Plaintiff contends that he suffered severe pain in his back and had been diagnosed by a doctor as in need of evaluation and treatment. The Court finds he has sufficiently alleged an objectively serious medical condition.

"The subjective component requires a showing that the official knew of and disregarded an excessive risk to inmate health or safety." *Id.* at 939 (quoting *Farmer*, 511 U.S. at 837) (internal quotation marks omitted). He must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* While "[a]n express intent to inflict unnecessary pain is not required," the plaintiff must show "obduracy and wantonness." *Id.* Thus, the plaintiff must allege more than mere negligence. *Newberry*, 2018 WL 1037412, at*3. Interruption by jail medical staff of a prescribed course of treatment may satisfy this component. *Richmond*, 885 F.3d at 939. The Sixth Circuit "distinguishes between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment, such that where medical care is merely inadequate, this Court is generally reluctant to second guess medical judgments." *Id.* (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)) (internal quotation marks omitted). However, a constitutional violation may occur where medical treatment was "so woefully inadequate as to amount to no treatment at all." *Id.*

Here, in light of his allegations that this Defendant refused to conduct testing recommended by the physician at his previous facility, to continue his prescribed medication, or to treat his diagnosed back injury, the Court finds that Lawrence has stated a plausible claim that

Dr. Dietz's medical treatment was so woefully inadequate as to constitute none at all. Process will be issued on this claim.

CONCLUSION

Based on the foregoing, Plaintiff's claims against Defendants CoreCivic, Perry, Peterson, Ponds, Borden, and Brown are DISMISSED for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). His deliberate indifference claim against Defendant Dietz will go forward.

The Clerk is **DIRECTED** to issue process for Defendant Dietz and deliver that process to the United States Marshal for service. Service shall be made pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally, if mail service is not effective. All costs of service shall by advanced by the United States.

Plaintiff is **ORDERED** to serve a copy of every subsequent document he files in this case on the attorney for Defendant Dietz or on any unrepresented defendant. He shall include a certificate of service on every document filed and must also familiarize himself with the Federal Rules of Civil Procedure and the Local Rules of this Court.[4] Lawrence should promptly notify the Clerk, in writing, of any change of address, transfer to another facility, release from custody, or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in dismissal of this case without further notice.

IT IS SO ORDERED this 9th day of May 2018.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE

---

[4]A copy of the Local Rules may be obtained from the Clerk of Court. They are also available on the Court's website at www.tnwd.courts.gov/pdf/content/LocalRules.pdf.